Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7732 | **DATE** | 10/21/2002 |
| **CASE TITLE** | Dean LeChance vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum Opinion and Order. The City and Hillard's motion to dismiss in part portions of LaChance's Amended Complaint is granted [#14]. Hillard is dismissed as a defendant in both his official and individual capacity. In addition, the ratification, conspiracy and Fifth Amendment claims are also dismissed. Harris, Fischer and the City are directed to answer within 21 days those portions of the complaint not dismissed. Status hearing is set for scheduling conference on December 12, 2002 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 22 2002 date docketed | 19 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CW docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/21/2002 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEAN LACHANCE, | ) | **DOCKETED** |
| Plaintiff, | ) | OCT 2 2 2002 |
| vs. | ) No. 01 C 7732 | |
| | ) Judge Joan H. Lefkow | |
| CITY OF CHICAGO, TERRY HILLARD, | ) | |
| OFFICER T. HARRIS (Star #4612) and | ) | |
| OFFICER C. FISHER (Star #17845), | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dean LaChance ("LaChance"), brings this law suit against the City of Chicago ("City"), Superintendent of the Chicago Police Department Terry Hillard ("Hillard"), Officer T. Harris ("Harris") and Officer C. Fisher ("Fisher"), pursuant to 42 U.S.C. § 1983 alleging in Count I that Harris and Fisher violated LaChance's Fourth, Fifth and Fourteenth Amendment rights by using excessive force, and in Count II that the City and Hillard violated the Fourth, Fifth and Fourteenth Amendments because, pursuant to custom and policy, they knowingly or recklessly failed to instruct and supervise Harris and Fisher and directly or indirectly approved or ratified their unlawful actions. The court has jurisdiction over the claims pursuant to 28 U.S.C. § 1343. Before the court is City and Hillard's motion to dismiss Hillard as a defendant and to dismiss in part portions of LaChance's Amended Complaint. For the reasons set forth below, the court grants the motion.

19

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

According to LaChance's Amended Complaint, which is taken as true for the purpose of this motion, on October 11, 1999, at 11:00 a.m., at 4334 West Lexington Street, Harris and Fisher told LaChance that he was under arrest but refused to tell him why. (Am. Compl. ¶ 9-10.) LaChance did not resist arrest or act violently toward either Harris or Fisher. (Am. Compl. ¶ 11.) During the course of the arrest, however, either Harris or Fisher struck LaChance's leg with an iron gate, which fractured LaChance's leg. (Am. Compl. ¶ 12-13.) As a result of these injuries, LaChance incurred medical expenses and was unable to work for a period of time. (Am. Compl. ¶ 14.)

## DISCUSSION

Hillard moves to be dismissed from the action entirely. The City and Hillard also move to dismiss LaChance's ratification, conspiracy, and Fifth Amendment claims.

### A. Claims against Hillard

Hillard argues that he should be dismissed from this case because the claims brought against him are the same claims that are brought against the City. LaChance alleges that Hillard, acting under color of law, failed to "instruct, supervise, control or discipline" Harris and Fischer and "approved and ratified" their conduct. (Am. Compl. ¶¶ 18, 20.) Hillard claims that LaChance has not alleged that Hillard was personally involved in the incidents giving rise to the Complaint.

LaChance, in his Amended Complaint, brings this action against defendants "both in their individual and official capacities." (Am. Compl. ¶ 7.) To the extent that claims are brought against Hillard in his official capacity, they are dismissed because such claims against individuals in their official capacities are suits against the municipality. *Richman* v. *Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001).

To sue Hillard in his individual capacity, LaChance must allege that Hillard was personally involved in the deprivation of his constitutional rights. *Whitford* v. *Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995). Personal involvement requires an overt act, or failure to act, "with a deliberate or reckless disregard of plaintiff's constitutional rights." *Black* v. *Lane*, 22 F.3d 1195, 1401 (7th Cir. 1994). *See also Lanigan* v. *Vill. of East Hazel Crest, Illinois*, 110 F.3d 467, 477 (7th Cir. 1997) ("[supervisors] must . . . act either *knowingly* or with *deliberate, reckless indifference*") (emphasis in original).

3

LaChance has failed to allege any personal involvement by Hillard from which a reasonable inference could be drawn that he ordered, consented to, knew about, condoned, or was deliberately indifferent to the officers' particular actions.[1] Paragraph 19 of the Amended Complaint alleges that Hillard "had knowledge" that his failure to train, instruct, supervise and discipline his officers resulted in the deprivation of plaintiff's rights.[2] Although failure to train claims are usually maintained against municipalities, if plaintiff alleges that the constitutional violation occurred with the individual defendant's knowledge or consent, he could be individually liable. *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001). But plaintiff cites and the court has found no case in which the bare allegation of knowledge has been sufficient to withstand dismissal. *See, e.g., Sanville* (allegation that guards received no suicide prevention training insufficient to state an individual capacity claim against warden or deputy warden); *Woodget v. Cook County Dep't of Corr.*, No. 94 C 3410, 1994 WL 695453, at *2 (N.D. Ill. Dec. 10, 1994) (dismissing individual capacity claims against Cook County Sheriff and Clerk of Circuit Court because the complaint alleged no personal participation or intentional

---

[1] Paragraph 17 alleges, "At all times relevant . . . Defendants Harris and Fisher were acting under the direction and control of Defendant Hillard, and Defendant City of Chicago." Although this could be interpreted as alleging a direct order from Hillard to Harris and Fisher, the improbability of such an occurrence leads to court to assume that plaintiff is merely alleging that Hillard and the City were the ultimate authorities over the defendant officers.

[2] Paragraph 19 further alleges lack of diligence, a "should have known" accusation, which as stated above is insufficient to impose liability. Plaintiff must at least allege deliberate indifference on Hillard's part. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (entailing proof that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that deliberate indifference may be inferred).

4

causation). Thus, Hillard is also dismissed from the action in his individual capacity.

**B.     Ratification Claim**

In order to prevail on a § 1983[3] claim, a plaintiff must establish that the defendant deprived him of a constitutional or federal right and that the defendant acted under color of state law. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000) (citations omitted). "Although a municipality is subject to suit under § 1983, *respondeat superior* liability will not suffice to impose § 1983 liability on the City." *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). Instead, a municipality may be held liable under § 1983 in one of three ways:

> (1) an express policy that, when enforced, causes a constitutional deprivation;
> (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994).

In his Amended Complaint, LaChance uses two of the above factors in an attempt to state a claim against the City. First, LaChance argues that the City and Hillard had a policy of failing to instruct, supervise, control or discipline police officers that resulted in a deprivation of

---

[3]Section 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

LaChance's constitutional rights.[4] (Am. Compl. ¶ 18.) LaChance also argues that the City or Hillard "ratified" Harris and Fischer's actions, thereby imputing liability to the City. (Am. Compl. ¶ 20.) The City moves to dismiss this "ratification" claim because LaChance identifies no person with final policymaking authority who ratified the alleged misconduct.

It is well established that Hillard, as Superintendent of Police in Chicago, does not have final policymaking authority. *Auriemma v. Rice*, 957 F.2d 397, 401 (7th Cir. 1992) ("The Superintendent of Police in Chicago had no power to countermand the statutes regulating the operation of the department."). Therefore, Hillard's alleged ratification, even if proven to be true, could not impute liability to the City. Moreover, other than Hillard, LaChance lists no other final policymaker who ratified the actions. Instead, LaChance merely states that "the City" ratified the action.[5] This allegation, however, is insufficient to show that a final policymaker ratified the action. It does not give the City notice as to which final policymaker approved the action. At this stage in the litigation LaChance must point to someone with final policymaking responsibilities who ratified the actions. *See Baxter*, 26 F.3d at 735 (finding complaint properly dismissed where it contained no allegation that defendant was in position to make final policy.) Having failed to do this, LaChance's "ratification" theory does not state a claim, and the motion to dismiss this ratification claim against the City is granted.

---

[4]The City concedes that this claim is sufficiently plead and their motion to dismiss does not concern this claim.

[5]As the City points out, allowing LaChance to substitute the phrase "the City" for an individual policymaker who actually ratified the misconduct would allow a claim based on *respondeat superior*, which is expressly forbidden. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

C.   **Conspiracy Claim**

Paragraph 18(d) of LaChance's Amended Complaint alleges a conspiracy between the City, Hillard, Harris and Fischer to violate LaChance's rights. The City maintains that the conspiracy claim must be dismissed because it is barred by the intra-corporate conspiracy rule. The intra-corporate conspiracy rule provides that "a conspiracy cannot exist solely between members of the same entity." *Payton v. Rush-Presbyterian-St.Luke's Medical Center*, 184 F.3d 623, 632 (7th Cir. 1999). Because all the alleged co-conspirators are members of the same entity, *i.e.*, the City of Chicago, the intra-corporate conspiracy rule bars paragraph 18(d) of LaChance's Amended Complaint. As such, the conspiracy claim is dismissed.[6]

D.   **Fifth Amendment Claims**

LaChance brings claims against the City based on the Fifth Amendment. The Fifth Amendment guarantees due process and equal protection, but only against intrusion by federal officials. *Bolling v. Sharpe*, 347 U.S. 497, 500 (1954); *Jackson v. Elrod*, 655 F. Supp. 1130, 1134 (N.D. Ill. 1987) (striking *sua sponte* plaintiff's references in his complaint to the Fifth Amendment because the action was brought against state officials). Because this suit alleges deprivations at the hands of state officials, a plaintiff must use the Fourteenth Amendment, under which LaChance already seeks relief. Therefore, the claims brought pursuant to the Fifth

---

[6]Exceptions exist to the intra-corporate immunity doctrine in "egregious circumstances," including where the corporate employees "are shown to have been motivated solely by personal [rather than corporate] bias." *Payton*, 184 F.3d at 633, quoting *Hartman v. Bd. of Trustees of Cmty. College*, 4 F.3d 465, 470 (7th Cir. 1993). LaChance fails to address these exceptions or plead such "egregious circumstances." Thus, this claim is properly dismissed. *See Payton*, 184 F.3d at 633 (finding conspiracy claim properly dismissed for failure to state a claim where intra-corporate immunity applied and plaintiff failed to respond to the argument or point to any "egregious circumstances.").

7

Amendment are dismissed.

## CONCLUSION

The City and Hillard's motion to dismiss in part portions of LaChance's Amended Complaint is granted [#14]. Hillard is dismissed as a defendant in both his official and individual capacity. In addition, the ratification, conspiracy and Fifth Amendment claims are also dismissed. Harris, Fischer and the City are directed to answer within 21 days those portions of the complaint not dismissed. A scheduling conference is set for December 12, 2002 at 9:30 a.m.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: October 21, 2002