# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7732 | **DATE** | 4/2/2003 |
| **CASE TITLE** | Dean LaChance vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion by defendants' Harris and Fischer to dismiss [25-1] is granted. Harris and Fischer are dismissed from this case with prejudice. Status hearing is set on 4/21/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 04 2003 date docketed | 29 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 APR -3 PM 2:55 | 4/2/2003 date mailed notice | |
| MD | courtroom deputy's initials | FILED-ED TO Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEAN LACHANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 01 C 7732 |
| ) | Judge Joan H. Lefkow |
| CITY OF CHICAGO, OFFICER T. HARRIS ) | |
| (Star #4612) and OFFICER C. FISHER ) | |
| (Star #17845), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED
APR 0 4 2003

Plaintiff, Dean LaChance ("LaChance"), brings this law suit against the City of Chicago ("Chicago"), Officer T. Harris ("Harris") and Officer C. Fisher ("Fisher"), pursuant to 42 U.S.C. § 1983 alleging in Count I that Harris and Fischer violated LaChance's Fourth, Fifth and Fourteenth Amendment rights by using excessive force, and in Count II that the City is liable because, pursuant to custom and policy, they knowingly or recklessly failed to instruct and supervise Harris and Fischer.[1] Before the court is a motion by Harris and Fischer under Rules 12(b)(5) and 12(b)(6), Fed. R. Civ. P., to dismiss Count I of LaChance's Amended Complaint. For the reasons set forth below, the court grants the motion.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

---

[1]The court previously granted Chicago's motion to dismiss in part portions of LaChance's Amended Complaint. *See LaChance* v. *City of Chicago*, No. 01 C 7732, 2002 WL 31375503 (N.D. Ill. Oct. 22, 2002).

29

Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

According to LaChance's Amended Complaint, which is taken as true for the purpose of this motion, on October 11, 1999, at 11:00 a.m., at 4334 West Lexington Street, Harris and Fisher told LaChance that he was under arrest but refused to tell him why. (Am. Compl. ¶ 9-10.) LaChance did not resist arrest or act violently toward either Harris or Fisher. (Am. Compl. ¶ 11.) During the course of the arrest, however, either Harris or Fisher struck LaChance's leg with an iron gate, which fractured LaChance's leg. (Am. Compl. ¶ 12-13.) As a result of these injuries, LaChance incurred medical expenses and was unable to work for a period of time. (Am. Compl. ¶ 14.)

## DISCUSSION

In support of their motion to dismiss, Harris and Fischer argue that (1) all claims against them should be dismissed as time-barred under the applicable statute of limitations; (2) all official capacity claims should be dismissed as redundant; and (3) all claims should be dismissed pursuant to Rule 12(b)(5), Fed. R. Civ. P., for insufficiency of service of process. Because the court dismisses the claims against Harris and Fischer with prejudice based on (1) above, it does not consider grounds (2) and (3).

To determine the statute of limitations applicable in an action under 42 U.S.C. § 1983, federal courts look to the forum state's statute of limitations for personal injury claims. *Mitchell v. Donchin*, 286 F.3d 447, 450 n.1 (7th Cir. 2002); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Lucien v. Jockish*, 133 F.3d 464, 466 (7th Cir. 1998). In Illinois, this time period is two years. 735 ILCS 5/13-202. Thus, LaChance's claims are time-barred only if the events giving rise to the cause of action occurred more than two years prior to his Complaint.[2] Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

LaChance's excessive force claim would have accrued on the date in which the unreasonable force was allegedly used on him. *See, e.g., Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir. 1998) ("Application of excessive force . . . violates the Constitution and is immediately actionable . . . ."); *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) ("the statute of limitations on [plaintiff's false arrest and excessive force] claims began to run when he knew or should have known that his constitutional rights had been violated–the date of his arrest."). LaChance was arrested on October 11, 1999. LaChance's original Complaint was filed in a timely manner on October 5, 2001. That Complaint, however, named only the City of Chicago and Officer John Doe as defendants. It was not until LaChance filed his Amended Complaint on March 14, 2002 that Harris and Fischer were named as parties to the suit, well after the two-year statute of limitations.

---

[2] While determining whether an action is barred under a statute of limitations is often inappropriate on a Rule 12(b)(6) motion because of the need to make factual determinations, a plaintiff may plead facts showing that the action is barred by the limitations period. *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 (7th Cir. 1998); *Johnson Controls, Inc. v. Exide Corp.*, 129 F. Supp. 2d 1137, 1142 (N.D. Ill. 2001).

3

LaChance claims that the original Complaint adequately named Harris and Fischer by naming them as "John Doe" officers and that the allegations stated against Harris and Fischer in the Amended Complaint relate back to the date of the original Complaint. The court disagrees. Under Rule 15(c)[3], Fed. R. Civ. P., an amendment adding a new party relates back to the original complaint only "where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *Baskin* v. *City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998), quoting *Worthington* v. *Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993). "Rule 15(c)(3) does not provide for relation back when the reason the original complaint is insufficient is a simple lack of knowledge of the identity of the proper party." *Eison* v. *McCoy*, 146 F.3d 468, 472 (7th Cir. 1998). Moreover, Rule 15(c)(3) requires both a mistake and knowledge by the added parties in order for the amendment to relate back. *King* v. *One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000).

Situations where generic names such as "John Doe" or "unnamed officer" are used do not fall under Rule 15(c)(3) because there is no mistake on the part of the plaintiff and no knowledge on the part of the party to be added. *See King*, 201 F.3d at 914; *Eison*, 146 F.3d at 472; *Baskin*, 138 F.3d at 703-04; *Worthington*, 8 F.3d at 1255-56. A lack of knowledge as to identity is not

---

[3]Rule 15(c) provides in part:

**Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

...

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

4

the equivalent of a mistake. Moreover, a suit named against "John Doe" or "unnamed officers" can in no way give the party later named knowledge that but for a mistake they would have been named.

While one can certainly view the application of this rule as unfair where a party proceeds pro se—which LaChance was when his original Complaint was filed—other factors in this case mitigate against any apparent harshness this ruling imposes. In his original Complaint filed on October 5, 2001, LaChance sued the City of Chicago and Officer John Doe. The Complaint alleged that "undercover Officer John Doe exercised excessive force." The Complaint, however, also lists "T. Harris #4612 C. Fisher #1784" as the arresting officers. Thus, LaChance knew the names of both Harris and Fischer and was aware of their involvement in the actions he complains of. LaChance did not sue either of these two officers in his original Complaint, instead choosing to sue only Officer John Doe. Accordingly, LaChance's claim against Harris and Fischer is time-barred and must be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Harris and Fischer's motion to dismiss is granted [#25]. Harris and Fischer are dismissed from the action with prejudice.

ENTER: *[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: April 2, 2003

5